Slip Op. 12-148

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NJC INTERNATIONAL, INC., and DWAYNE HOARD,<br><br>　　　　　　　Defendants. | Before: Jane A. Restani, Judge<br><br>Court No. 09-00006 |

[Plaintiff's motion for summary judgment against Defendant Dwayne Hoard in Customs penalty action granted. Default judgment entered against Defendant NJC International, Inc.]

## OPINION

Dated: December 6, 2012

　　　　Delisa M. Sanchez, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice of Washington, DC for plaintiff. With her on the brief were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Suzanne N. Almetica, Assistant Counsel, Office of the Associate Chief Counsel, U.S. Customs and Border Protection.

　　　　Dwayne Hoard, Pro se, of Monroe Township, NJ.

　　　　Restani, Judge: This is a 19 U.S.C. § 1592 penalty action over which the court has jurisdiction under 28 U.S.C. § 1582. Default was entered against Defendant NJC International, Inc. ("NJC") on September 16, 2011. Defendant Dwayne Hoard ("Hoard") answered the complaint but failed to respond to plaintiff's motion for summary judgment of August 9, 2012. On October 23, 2012, the court ordered Hoard to show cause why judgment should not be entered against him. Hoard has failed to respond to the order.

The complaint alleges that NJC was the importer of record on six entries made between January 7, 2004, and March 24, 2004, with an entered value of $58,263.00. Following the requisite administrative proceedings, the U.S. Customs and Border Protection ("CBP") found gross negligence and demanded payment of $23,305.20 (40% of the entered value) from NJC and its principal officer, Dwayne Hoard, which sum remains unpaid. The entered goods are alleged to be textile products from China subject to quota requirements, which were falsely declared to be of Hong Kong origin. Plaintiff alleges further that Hoard knowingly participated in the falsehood.

Hoard's answer generally asserts no knowledge of the specifics of the entries and denies any wrongdoing. If the allegations of the complaint are accepted as true, however, plaintiff has established its claim against Hoard and NJC. Further, plaintiff has set forth in its motion for summary judgment the evidence it would submit to establish its claim against Hoard. Such uncontradicted evidence would warrant judgment against defendants.

The court finds that by failing to respond to the court's order to show cause Hoard has waived any right to further hearing, and NJC has previously been found to be in default. Accordingly, judgment will be entered jointly and severally against the two defendants for the sum certain claimed by plaintiff, together with post-judgment interest, as requested, and costs.

      /s/ Jane A. Restani
        Jane A. Restani
            Judge

Dated this 6th day of December, 2012.
New York, New York.

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES,**<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>**NJC INTERNATIONAL, INC., and DWAYNE HOARD,**<br><br>　　　　　　　　　Defendants. | **Before: Jane A. Restani, Judge**<br><br>**Court No. 09-00006** |

## **JUDGMENT**

Upon consideration of plaintiff's unopposed motion for summary judgment against Defendant Dwayne Hoard and upon the entry of default and motion for entry of default judgment against Defendant NJC International, Inc., the court hereby enters judgment against both defendants in the principal amount of $23,305.50, jointly and severally, together with post-judgment interest and costs in favor of Plaintiff United States.

　　　　　　　　　　　　　　　　　　　　　　　　　　　／s/ Jane A. Restani
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Jane A. Restani
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge

Dated this 6th day of December, 2012.
New York, New York.